IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| CENTRAL UTAH CLINIC, a Utah professional corporation, <br><br> Plaintiff, <br><br> vs. <br><br> MARK W. REILLY, M.D., <br><br> Defendant. <br><br>———————————————— <br><br> MARK W. REILLY, M.D., <br><br> Counter Plaintiff, <br><br> vs. <br><br> CENTRAL UTAH CLINIC, a Utah professional corporation, <br><br> Counter Defendant. | ORDER and MEMORANDUM DECISION <br><br><br><br> Case No. 2:07-CV-284 CW |

Now before the court is Central Utah Clinic's second motion under Federal Rule of Civil Procedure 59 for partial reconsideration (Dkt. No. 54). In its motion, the Clinic asks the court to rule that Plaintiff Mark W. Reilly's entitlement to post-departure accounts receivable may be offset by the deficit asserted by the Clinic.[1]

---

[1] Because oral argument will not assist the court in resolving this motion, the court will decide this motion on the parties' written submissions. *See* DUCiv.R. 7.1(f).

Under Rule 59(e) of the Federal Rules of Civil Procedure, reconsideration of an order is appropriate when there is a "need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). In particular, under Rule 59(e), relief from an order "is appropriate where the court has misapprehended the facts, [or] a party's position . . . ." *Id.*

In its previous opinion, the court, interpreting Dr. Reilly's 2001 Employment Agreement with the Clinic, held that the Clinic is not entitled to collect reimbursement from Dr. Reilly personally for deficits asserted by the Clinic. The court reasoned that under Article II, Paragraph 2 of the 2001 Employment Agreement, the parties agreed that such deficits could only be collected against Dr. Reilly's actual salary entitlements, as opposed to being paid out of Dr. Reilly's own pocket. Accordingly, the court found that if the Clinic's asserted deficit were greater than Dr. Reilly's actual salary entitlement, the Clinic's only contractual remedy was to withhold salary from Dr. Reilly until the deficit was eliminated.

In its first order on reconsideration, the court decided that if the Clinic's asserted deficit against Dr. Reilly's is valid, the Clinic may use that deficit to offset a "bonus" that it had calculated was due to Dr. Reilly. In short, the court found that although the parties had used the phrase "bonus" to describe certain amounts Dr. Reilly asserts the Clinic owes him, the "bonus" was in reality part of Dr. Reilly's actual salary entitlement and was thus governed by Article II, Paragraph 2 of the 2001 Employment Agreement. As such, the court reconsidered the part of its order instructing the Clinic to pay Dr. Reilly the "bonus" because a question of fact remains as to whether there is a valid deficit against which to offset that "bonus" amount.

Now the Clinic seeks a ruling that Dr. Reilly's right to a share of the post-termination accounts receivable should also be treated as if they were actual salary entitlements for purposes of offsetting the deficit it asserts against Dr. Reilly.[2] The court finds no support in the 2001 Employment Agreement for such an outcome. The 2001 Employment Agreement distinguishes between "compensation" and "salary." Under Article II, Paragraph 2, the Clinic is required to reconcile "draws" with "actual salary" on a quarterly basis. Under Article IV, Paragraph 1, the Clinic is required to pay "salary due" plus "any bonuses authorized and declared" on or prior to the termination date given in the written notice. Such notice must be given, either by the Clinic or Dr. Reilly, at least 100 days prior to the termination date. Amounts to be paid after the termination date are not "salary" or "bonus," but an additional form of compensation. Dr. Reilly's entitlement to a percentage of accounts receivable to be received after the termination date are properly classified as such additional compensation. His right to such compensation is governed by Article II, Paragraph 7 of the 2001 Employment Agreement. If such payments were classified as "salary" or "bonus," the agreement would require the Clinic to pay those amounts prior to the termination date. The fact that Dr. Reilly's share of accounts receivable is expressly required to be paid after termination precludes them from being classified as salary or bonus subject to being reconciled under Article II, Paragraph 2. Moreover, the provision governing accounts receivable expressly states the discounts permitted, which do not include any offset for deficits against accounts receivable. There is no ambiguity in the 2001 Employment

---

[2] The Clinic also seeks a "clarification" that if it is found that the Clinic's asserted deficit against Dr. Reilly is greater than the "bonus" claimed by Dr. Reilly, Dr. Reilly cannot collect the "bonus." The court believes that this proposition is already clear from its previous orders.

3

Agreement's language that would reasonably support a conclusion that an offset against accounts receivable for deficits should be implied.  Nor is there any extrinsic evidence that the parties may have intended this meaning.

**ORDER**

For the foregoing reasons, the Clinic's second motion for partial reconsideration is DENIED.

SO ORDERED this 18th day of March, 2010.

BY THE COURT:

_____
Clark Waddoups
United States District Judge